IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-154 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| Of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Anthony Shelton appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

I.    BACKGROUND

Plaintiff applied for DIB on June 26, 2019, alleging a disability onset date of May 15, 2019. Tr. ("R."), pp. 177-80, 203. Plaintiff was fifty-five years old on his alleged disability onset date, and fifty-seven years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 34, 177. Plaintiff alleged disability based on the following conditions: hypothyroidism, diabetes myelitis II, hypertension, depression and anxiety, post-traumatic stress

disorder, sleep apnea, migraine headaches, issues with both wrists, and hearing loss. R. 203. Plaintiff has a college degree, (R. 44, 204), and prior to his alleged disability date had accrued a work history as a licensed practical nurse in the Army and as a middle school teacher. R. 32, 45-48, 204.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 16, 99-100, 107-113. Plaintiff requested a hearing before an ALJ, (R. 114-115), and the ALJ held a hearing on April 11, 2018. R. 39-63. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Carey Washington, a Vocational Expert ("VE"). Id. On March 18, 2021, the ALJ issued an unfavorable decision. R. 16-34.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since May 15, 2019, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.).[1]

2. The claimant has the following severe impairments: post-traumatic stress disorder (PTSD), depression, generalized anxiety disorder, migraines, wrists-mainly right, and obese (height of 5'9", weight of 280 pounds, and BMI of approximately 41) ( (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform medium work[2] as defined in 20 CFR 404.1567(c) except there should be no climbing of ladders, ropes, or scaffolds, kneeling, or crawling at the job sites. He could frequently climb ramps and stairs, balance, stoop, and crouch. Handling and

---

[1]The claimant meets the insured status requirements of the Social Security Act through December 31, 2024. R. 18.

[2]"Medium work" is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c) & 416.967(c).

   fingering with his right dominant hand is reduced to frequent. His work needs to be simple, routine, and repetitive tasks of unskilled work with a reasoning level of two or less. He should not engage in work with the public such as retail customers. Any work activity around coworkers should not be dependent on the work activity of the other workers, e.g. conveyor belt or assembly line work. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569a). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from May 15, 2019, through the date of the ALJ's decision, March 18, 2021 (20 C.F.R. § 404.1520(g)).

R. 17-27.

When the Appeals Council ("AC") denied Plaintiff's request for review of the ALJ's decision on August 12, 2021, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues (1) the ALJ failed to properly evaluate the Veterans Administration's Wrist Conditions Disability Benefits Questionnaire; (2) the ALJ failed to properly assess Plaintiff's subjective complaints; and (3) the ALJ and AC derive their authority from an unconstitutionally appointed Commissioner of Social Security. See doc. no. 17 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 18 ("Comm'r's Br.").

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by

substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal

4

standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff bases his argument for remand primarily on two pieces of evidence Plaintiff believes the ALJ failed to correctly consider. First, Petitioner contends the ALJ failed to analyze the Wrist Conditions Disability Benefits Questionnaire from the VA as a medical opinion. R. 807-12). Second, Petitioner contends the ALJ improperly discounted Plaintiff's subjective complaints (1) because of the improper treatment of the questionnaire and (2) because the ALJ did not expressly discuss Plaintiff's work history in making a credibility determination.[3] As discussed below, the Court does not find a basis for remand on these grounds.

#### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work ("PRW"). 20 C.F.R. § 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012). Limitations are divided into three categories: (1)

---

[3] Plaintiff's third argument for remand—the Constitutionality of the Commissioner of Social Security's appointment—was not mentioned outside of the heading of Plaintiff's brief, and is therefore waived. See Hamilton v. Southland Christian Sch., 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### B. Any Error in Considering the Questionnaire Was Harmless

#### 1. Evaluating Medical Opinions

Prior to March 27, 2017, the Commissioner's regulations required the ALJ to give a treating physician's opinion substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Failure to give a treating physician's opinion substantial weight required the ALJ to show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987); see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*) ("The ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'"). Additionally, the Commissioner's regulations required that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 416.927(c)(1)-(2), (5).

Pursuant to the revised regulations, applicable to claims filed after March 27, 2017, an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Elimination of the treating source rule is intended to "eliminate confusion about a hierarchy of medical sources and instead focus adjudication" on the evidence, as well as discourage courts from reweighing the evidence in violation of the deferential substantial evidence standard of review. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, nature and length of the treatment relationship, specialization, and other miscellaneous factors. 20 C.F.R. §§ 404.1520c(c) & 416.920c(c)(1)-(c)(5). Because supportability and consistency are the most important factors, the ALJ must articulate how these factors were considered for a medical source's opinions, but an ALJ is not required to articulate consideration of the remaining factors. Id. §§ 404.1520c(b)(2) & 416.920c(b)(2); Uresti v. Comm'r of Soc. Sec., No. 2:20-CV-367-MAP, 2021 WL 2644549, at *4 (M.D. Fla. June 28, 2021). "Under the new rule, the [ALJ] will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." Mackey v. Saul, 2:18-cv-02379-MGL-MGB, 2020 WL 376995, at *4 n.2 (D.S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a),(c)(1)-(2)), *adopted by*, 2020 WL 376247 (D.S.C. Jan. 23, 2020). In assessing supportability and consistency, the ALJ's analysis focuses on whether the medical source's opinion is supported by the objective medical evidence and supporting explanations and consistent with the other medical and nonmedical sources in the record. 20 C.F.R. §§ 404.1520c(c)(1)-(2) & 416.920c(c)(1)-(2).

Furthermore, the ALJ need not articulate how it considered the factors for each medical opinion or prior administrative medical finding from one medical source individually. Freyhagen v. Comm'r of Soc. Sec. Admin., No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing 20 C.F.R. § 404.1520c(b)(1). "Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), [the Commissioner] will articulate how [it] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis." 20 C.F.R. §§ 416.920c(b)(1) & 404.1520c(b)(1). Courts recognize the new regulations erect a framework that is highly deferential to the Commissioner. See Cook v. Comm'r of Soc. Sec., No. 6:20-CV-1197-RBD-DCI, 2021 WL 1565832, at *4 (M.D. Fla. Apr. 6, 2021) (affirming ALJ's rejection of treating source opinion because inconsistent and unsupported by record) *adopted by*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021); Bunn v. Soc. Security Admin., Comm'r, No. 2:20-CV-00218-HNJ, 2021 WL 1171537, at *9 (N.D. Ala. Mar. 29, 2021) (same).

The persuasiveness analysis discussed above is only necessary when the opinion rendered constitutes a "medical opinion" under the regulations, rather than "other medical evidence." A medical opinion is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in [certain abilities]." 20 C.F.R. § 404.1513(a)(2). In contrast, "other medical evidence" is "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." Id. at (a)(3). Relevant here, a medical source is "an individual who is licensed as

8

a healthcare worker by a State and working within the scope of practice permitted under State or Federal law . . . ." 20 C.F.R. § 404.1502(d).

### 2. The Questionnaire

"In order to show that the ALJ erred, [Plaintiff] must show that the medical records [he] identified contain opinions." Lara v. Comm'r of Soc. Sec., 705 F. App'x 804, 812 (11th Cir. 2017). The medical record in question is a questionnaire entitled "Wrist Conditions Disability Benefits Questionnaire" contained within a health summary report compiled by the VA. R. 746, 807-16. The questionnaire is unsigned and undated, but context implies it was completed by an individual at the VA Medical Center in Augusta, Georgia, on July 29, 2019. See R. 749, 806. The questionnaire might have been prepared by Susan J. Burditt, a certified physician's assistant who provided her signature at the end of similar questionnaires included in the records for that day. R. 823.

> The questionnaire describes Plaintiff's medical history as follows:
>
> **Veteran states**, Saudi Arabia, over extended right wrist weight lifting.
> Recently; altercation on the job exacerbated, was wearing a brace for a while.
> Limitations of lifting heavy weight. **max 10 pounds for right wrist**
> Aggravating; dorsal flexion, can be stiff in the am. Difficult to grab mower safety bar and mow the grass.
> Sensation of arthritis in the am.
> Relieving; warm shower, motrin

R. 808 (emphasis added). Plaintiff reaffirmed this ten-pound limitation at the hearing, saying a doctor told him to restrict himself to that limit. R. 51. However, in the context of the other limitations and the inclusion of "veteran states," it appears the ten-pound limit was Plaintiff's own description of his limitations in regard to this specific questionnaire.

Also included within the questionnaire is a remark from March 11, 2016, detailing MRI results on Plaintiff's wrist, and postulating, "UNEMPLOYMENT STATEMENT: The veteran's

9

RIGHT WRIST condition in and of itself would not limit LIGHT physical and/or sedentary activities. Veteran would be limited in heavy physical lifting." R. 814-15. Plaintiff's arguments focus on these two details—the ten-pound limit and restrictions on activities and lifting—to show how the questionnaire, if properly examined as a medical opinion, would contradict an RFC of medium work. See Pl.'s Br., p. 7.

First, Plaintiff's own descriptions of his limitations is definitionally other medical evidence rather than a medical opinion. 20 C.F.R. § 404.1513(a)(2). Thus, the ALJ did not have to discuss the persuasiveness of the questionnaire's recitation of Plaintiff's medical history, including the claim that he could not lift more than ten pounds with his right wrist. However, the claims that Plaintiff's condition "would not limit" light or sedentary activities and Plaintiff is limited in heavy lifting could constitute medical opinions entitled to the appropriate analysis. However, the Court need not further examine whether this unsigned, undated questionnaire constitutes a medical opinion per § 404.1513(a)(2), because any failure to properly evaluate the persuasiveness of the questionnaire was harmless.

When an ALJ's failure to discuss persuasiveness of a medical opinion "[does] not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand." Tillman v. Comm'r, Soc. Sec. Admin., 559 F. App'x 975, 975 (11th Cir. 2014) (*per curiam*) (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983)); Wright v. Barnhart, 153 F. App'x 678, 684 (11th Cir. 2005). If the questionnaire—specifically the lines cited by Plaintiff regarding light or sedentary work and heavy lifting—was a medical opinion, the ALJ's failure to discuss persuasiveness was harmless error. Plaintiff acknowledges the ALJ thoroughly discussed the questionnaire while determining Plaintiff's RFC. Pl.'s Br., p. 7-8; R. 26-27. The ALJ noted the ten-pound limit discussed above as well as the other self-reported limitations in that

10

paragraph. R. 26, 808. He referenced Plaintiff's limited range of motion and cited the unemployment statement in saying Plaintiff's impairment "would not limit claimant's physical or sedentary activities" but would limit heavy physical lifting. R. 27, 809, 815. But the ALJ also explained Plaintiff had no flare-ups or functional losses or impairments in the right wrist and was able to perform repetitive use testing. R. 26-27, 808-10. The questionnaire reported no pain, tenderness, crepitus, or atrophy in the wrist. R. 27, 809, 811. The flexion and extension rate were perfect in both wrists, and Plaintiff suffered no reduction in muscle strength. R. 27, 811. The questionnaire ended with a functional impact statement, saying the wrist impairment does not impact Plaintiff's ability to perform any occupational tasks. R. 813. Ultimately, the ALJ held, "I find the medical evidence and other evidence in the record does not support the claimant to be as limited by his alleged symptoms related to his right wrist." R. 27.

It appears the ALJ believed the questionnaire was consistent with the ALJ's ultimate determination of an RFC of medium work. The Court agrees. The bulk of the evidence in the questionnaire is generally supportive of the ALJ's final conclusion that Plaintiff's impairments in his right wrist do not limit medium work. Focusing directly on the sections Plaintiff alleges are inconsistent, the questionnaire states Plaintiff is limited in heavy physical lifting, and an RFC of medium work also limits Plaintiff to lifting more than 50 pounds. While the statement that Plaintiff's wrist "would not limit LIGHT physical and/or sedentary activities" might be facially inconsistent, it appears to be a statement on what Plaintiff's RFC is, which is a decision reserved to the Commissioner. 20 C.F.R. § 404.1520b(c)(3)(v). The ALJ is not required to "provide any analysis about how [he] considered such evidence." Id. Further, that limitation to light activity—written in 2016—is contradicted by the functional impact

11

statement in another part of the questionnaire explaining Plaintiff's wrist would not impact his ability to perform occupational tasks.

In sum, the ALJ discussed the questionnaire in depth, and the questionnaire is largely consistent with the RFC. See Lara, 705 F. App'x at 812 ("Because the ALJ's decision reflects that she considered these records and her decision was consistent with the records, we conclude that any error in failing to assign weight was harmless."); Colon v. Colvin, 660 F. App'x 867, 870 (11th Cir. 2016) ("We do not ignore the rest of the opinion merely because of the ALJ's failure to assign weight" to a medical opinion). Had the ALJ treated the questionnaire as a medical opinion and expressly discussed persuasiveness, he would only add more words to the same decision. See Hunter v. Comm'r of Soc. Sec., 609 F. App'x 555, 558 (11th Cir. 2015) (*per curiam*) ("error is harmless because it did not affect the [ALJ's] ultimate determination."). The error, if any, was harmless. See Wray v. Kijakazi, No. 1:20CV156-AW-HTC, 2021 WL 7967592, at *6 (N.D. Fla. Dec. 3, 2021) (Court declining to determine if VA questionnaire is medical opinion because any error was harmless), *adopted by* 2022 WL 1028932 (N.D. Fla. Apr. 6, 2022).

  C.  **The ALJ's Decision Properly Discounts Plaintiff's Subjective Complaints**

    1.  **The Standard for Evaluating Subjective Complaints**

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a

claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)). However, as explained *supra*, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. See SSR 96-5p; see also 20 C.F.R. § 416.927(d).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Social Security Ruling 16-3p, clarifies:

> that subjective symptom evaluation is not an examination of an individual's character. . . .
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms. We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

SSR 16-3p, 2016 WL 1020935, at *14167 (orig. publ. Mar. 16, 2016). Moreover, this Court is required to uphold the Commissioner's determination regarding subjective complaints if it is

supported by substantial evidence.  Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[4]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer, 395 F.3d at 1210-11 (internal quotation marks and citations omitted).  As explained below, the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but his subjective complaints concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the record and did not limit Plaintiff's functioning and ability to perform light work as described in the administrative decision.

### 2. The ALJ Was Not Required to Discuss Plaintiff's Work History, and His Evaluation Is Supported by Substantial Evidence

Plaintiff argues the ALJ's rejection of his subjective complaints is not supported by substantial evidence because the ALJ (1) improperly assessed the questionnaire in evaluating Plaintiff's complaints, as discussed supra; and (2) did not explicitly comment on Plaintiff's work history.  The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent" with the record.  R. 25.

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

First, as also discussed supra, if there was an error in evaluating the right wrist questionnaire, it was harmless. The ALJ's resultant credibility finding on Plaintiff's right wrist limitations are supported by both the questionnaire and other record evidence, including evidence from three doctors' appointments in 2019 showing normal strength, little impairment or pain, and no myalgias and arthralgias. R. 26.

Second, the ALJ was not required to explicitly comment on Plaintiff's work history. As Plaintiff concedes, work history alone does not establish or even enhance a plaintiff's credibility. Pl.'s Br., p. 10; see Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991) (holding ALJ's credibility determination supported by substantial evidence despite plaintiff's good work history). Plaintiff instead argues that because the ALJ did not make an *explicit* finding on Plaintiff's excellent work history, the case should be remanded.[5] However, "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) (quoting Dyer v, 395 F.3d at 1211); see also Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808-09 (11th Cir. 2013) ("the ALJ stated that he considered the record in its entirety, and he

---

[5]Plaintiff cites Lafond v. Comm'r of Soc. Sec, for the proposition that an ALJ's decision should be remanded if the ALJ failed to consider a plaintiff's strong work history when assessing credibility. Pl.'s Br. p. 10; Lafond v. Comm'r of Soc. Sec, No. 6:14-cv-1001-Orl-DAB, 2015 WL 4076943, at *9 (M.D. Fla. July 2, 2015) (citing Stricklin v. Astrue, 493 F. Supp. 2d 1191, 1198 (N.D. Ala. 2007)). Although the Court in Lafond found the ALJ failed to consider the plaintiff's strong work record when assessing her credibility, the Court did not remand the ALJ's disability determination solely on that basis. Rather, the court remanded the ALJ's decision on its conclusion that the ALJ's credibility assessment, as a whole, was not based on substantial evidence. See id. at *5–11. Unlike in Lafond, the ALJ here provided multiple clearly articulated credibility assessments supported by substantial evidence. See R. 24-29.

15

was not required to discuss every piece of evidence in denying her application for disability benefits"). The regulations explain the ALJ should consider all evidence in an individual's record when evaluating the intensity and persistence of Plaintiff's symptoms. See 20 C.F.R. § 404.1529(c)(3); SSRs 96-8p; SSR 16-3p. While Plaintiff's work history would certainly fall among the total record to be considered, nothing in the regulations nor in binding precedent instructs that the ALJ must articulate how he considers a Plaintiff's work history for the purposes of his evaluation. See O'Toole v. Saul, No. 2:18-CV-121, 2020 WL 1042292, at *6 (S.D. Ga. Feb. 5, 2020), *adopted by* 2020 WL 1046698 (S.D. Ga. Mar. 3, 2020).

Here, it is clear the ALJ considered Plaintiff's medical condition as a whole in making his credibility determination. Extensively and repeatedly, the ALJ found Plaintiff's allegations of functional and mental limitations due to his impairments not credible, and the Court finds substantial evidence supports the ALJ's findings. See R. 26-27, 29. With the wrist questionnaire as an exception, Plaintiff takes no issue with how the ALJ weighed or analyzed any particular piece of evidence. He simply argues the ALJ should have added additional discussion on Plaintiff's work history in the specific context of credibility, which the ALJ was not required to do. The Court also notes the ALJ was fully aware of Plaintiff's excellent work history. His past work in the Army and as a teacher were referenced in the hearing and decision, and Plaintiff acknowledges his earnings history is a part of the record. R. 19- 20, 25, 32, 45-46, 186-98; see Gordon v. Comm'r of Soc. Sec., No. 2:19-CV-890-NPM, 2021 WL 1207755, at *11 (M.D. Fla. Mar. 31, 2021) (no error when work history was well documented at the hearing and on the record); Coleman v. Astrue, No. 8:11-CV-1783-T-TGW, 2012 WL 3231074, at *5 (M.D. Fla. Aug. 6, 2012) (same).

In sum, the ALJ properly contrasted Plaintiff's subjective complaints with the objective medical evidence in assessing the claimed level of impairment. A claimant has the burden of

proving disability and is responsible for providing evidence in support of the claim. <u>Ellison v. Barnhart</u>, 355 F.3d 1272, 1276 (11th Cir. 2003). Substantial evidence supports the ALJ discrediting Plaintiff's subjective complaints, and Plaintiff's arguments form no basis for reversal or remand.

IV.   **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 22nd day of July, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA